The deputy commissioner was required to make credibility determinations relating to witnesses, inconsistent statements and differences relating to medical evidence in this case. The Full Commission is not persuaded in this case to reverse the implicit and explicit credibility determinations of the deputy commissioner recognizing that the deputy commissioner was in the better position to judge the credibility of witnesses appearing before him in this case. Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, the Full Commission AFFIRMS and ADOPTS with minor modifications, the Opinion and Award of the deputy commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as
 STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The defendant-employer regularly employed three or more employees.
3. An employer-employee relationship existed between plaintiff and defendant-employer.
4. There was no carrier on the risk at the time of the alleged injury by accident.
5. The plaintiff alleges an injury by accident on July 10, 1992.
 ***********
Based upon the credible evidence of record as determined by the deputy commissioner, the Full Commission adopts the findings of fact of the deputy commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. Plaintiff was employed on July 10, 1992, as a truck driver for the employer-defendant. On the said date, the plaintiff was working for the employer-defendant and was in Orangeburg, South Carolina picking up a load of cloth. A roll of cloth had slipped from the load, and the plaintiff was straightening out the load on his truck when he injured his back.
2. After receiving medical treatment at Cleveland Memorial Hospital, plaintiff continued to suffer pain in his back and was required to seek further medical treatment with Dr. Karl Jordan in Boiling Springs, North Carolina. Dr. Jordan began treating plaintiff of July 13, 1992. Dr. Jordan testified as did the other two treating physicians, Dr. Mark Cook and Dr. Raymond Sweet, that plaintiff related that the reason for his seeking medical treatment was that he had injured his back while moving a roll of cloth.
3. Dr. Jordan was of the opinion and the Full Commission therefore finds that at the time plaintiff injured his back on July 10, 1992, he suffered a severe lumbar strain type injury and aggravated a prior condition causing plaintiff severe back pain and left side sciatica which radiated into his lower left leg. As indicated in all the medical depositions, plaintiff was honest and forthright about a prior injury to his back which occurred when he was in the rodeo circuit. In addition to sustaining a new injury, Dr. Jordan was of the opinion and the Full Commission finds that plaintiff had aggravated this prior injury as a result of the July 10, 1992 incident based on his physical examination and x-rays.
4. Following his treatment with Dr. Jordan, plaintiff also received medical treatment with Dr. Mark W. Cook of Shelby, North Carolina. Dr. Cook determined that plaintiff suffered from intervertebral disk syndrome, sciatica neuritis, and symptomatic headaches which he related to plaintiff's work-related injury occurring on July 10, 1992. Dr. Cook was also aware of a previous rodeo injury which was sustained by the plaintiff; however, Dr. Cook was able to differentiate between plaintiff's previous injury and the new injuries he had sustained to his back which were attributable to the July 10, 1992 incident.
5. While plaintiff was treating with Dr. Cook, he was also examined several times by Dr. Raymond Sweet of Gastonia, North Carolina. Plaintiff provided Dr. Sweet with the same history he provided the prior two physicians and based on that history Dr. Sweet was of the opinion and the Full Commission finds that the pain and problems plaintiff was having with his back were "more than likely" the result of the incident which occurred on July 10, 1992.
6. On July 10, 1992, plaintiff sustained an injury to his back arising out of and in the course of his employment as a direct result of a specific traumatic incident of the work assigned. Plaintiff's back injury occurred when he was pushing and straightening a roll of cloth on his truck. As a result of the July 10, 1992 incident, plaintiff suffered severe lumbar strain and aggravated a pre-existing back condition.
7. Although employer-defendant was required to have workers' compensation insurance under North Carolina law, employer-defendant did not have workers' compensation insurance on July 10, 1992.
8. Plaintiff is presently temporarily totally disabled as a result of this back injury. At the time of the hearing before the deputy commissioner, plaintiff had not had sufficient medical treatment and has not reached maximum medical improvement.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Since plaintiff suffered an injury by accident arising out of and in the course of his employment, he is entitled to benefits under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2 (6).
2. Plaintiff is entitled to medical treatment as recommended by his treating physician, Dr. Sweet. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. This claim is found to be compensable under the North Carolina Workers' Compensation Act.
2. Counsel shall confer and attempt to resolve the remaining issues. In the event the remaining issues cannot be resolved, counsel for either party may move the Commission to have this case placed back on the active hearing docket.
3. Defendant shall pay the costs due this Commission.
4. IT IS HEREBY ORDERED that this case be REFERRED to the Fraud Investigation Section of the Industrial Commission for investigation of defendant's failure to carry workers' compensation insurance.
 S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ______________ LAURA K. MAVRETIC COMMISSIONER
S/ _______________ THERESA STEPHENSON DEPUTY COMMISSIONER
BSB:md